IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CEDRIC LIGHTFOOT** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 08-170 |
| **THE UNITED STATES OF AMERICA** | : | |
| Defendant. | : | |

<u>**ORDER & MEMORANDUM**</u>

<u>O R D E R</u>

**AND NOW** this 31st day of March, 2008, upon consideration of Defendant's Motion to Dismiss (Document No. 6, filed March 11, 2008); Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Document No. 7, filed March 25, 2008); and Reply Brief in Support of Defendant's Motion to Dismiss (Document No. 8, filed March 27, 2008), **IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.[1]

<u>MEMORANDUM</u>

**I.   INTRODUCTION**

On January 4, 2008, plaintiff Cedric Lightfoot filed a Complaint against defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq. Plaintiff seeks money damages for personal injury and loss of property resulting from a collision between his vehicle and a truck owned by the United States Postal Service ("USPS"). Plaintiff alleges that the negligence of the USPS employee driving the truck caused the collision.

Presently before the Court is Defendant's Motion to Dismiss. Defendant contends that plaintiff failed to comply with the FTCA's statutory filing deadline and that this failure deprives

---

[1] In view of the dismissal, the preliminary pretrial conference scheduled on April 15, 2008 is cancelled.

the Court of jurisdiction over plaintiff's claim.  For the reasons set forth below, Defendant's Motion to Dismiss is granted and the Complaint is dismissed with prejudice.

**II.    BACKGROUND**

On October 6, 2004, plaintiff was driving on Broad Street in Philadelphia, Pennsylvania, when his vehicle collided with a USPS truck being driven by USPS employee Darrell E. Moore.  (Compl. ¶ 8.)  Plaintiff alleges that the accident occurred when Moore attempted to change lanes without noting plaintiff's presence in the lane he was attempting to enter, thereby causing Moore to strike plaintiff's vehicle, which then struck a parked car.  (Id.)  Plaintiff alleges, *inter alia*, that the accident resulted from Moore's negligence in operating his vehicle at an excessive rate of speed, failing to maintain proper control of his vehicle, and operating his vehicle in a reckless manner.  (Id. ¶¶ 9-10.)

With respect to damages, plaintiff alleges that he has suffered serious physical injury, incurred expenses for medical care and other related needs, and lost earnings and the ability to perform his usual activities.  (Id. ¶ 11-15.)  Plaintiff also alleges that his motor vehicle was damaged in the accident.  (Id. ¶ 17.)

On September 19, 2006, plaintiff filed a Form 95 administrative tort claim with the USPS, via certified mail, seeking a total of $78,790.74 in damages.  (Id. ¶ 20; Compl. Ex. A.)  By letter dated November 8, 2006, the USPS issued a final denial of plaintiff's claims.  (Id. ¶ 21; Compl. Ex. B.)  In its letter, the USPS stated that "an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees."  (Compl. Ex. B.)  The letter then advised that under the FTCA plaintiff had six months from the date of the USPS's letter to file suit in United States District Court.  (Id.)  The letter further

advised that, as an alternative to filing suit in district court, plaintiff could file a written request for reconsideration with the postal official who issued the final denial of his claim within six months of the date of the letter, and that "[a] request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office."  (Id.)

Plaintiff alleges that he sought reconsideration of the USPS's denial of his claim by written request dated April 16, 2007, sent via first class mail, to the official who issued the final denial of his claim. (Compl. ¶ 22; Compl. Ex. C; see also Pollock Aff. ¶ 10, Pl.'s Resp. Ex. A.) The USPS has no record of receiving this request for reconsideration.  (See Bjurstom Decl. ¶ 8, Def.'s Mot. Ex. 2; Teszner Dec. ¶ 13, Def.'s Mot. Ex. 2.)  After receiving no response to his request for reconsideration within the six months mandated by the applicable regulations, plaintiff filed the instant Complaint on January 4, 2008.  (Compl. ¶ 23.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case.  The plaintiff has the burden of establishing subject matter jurisdiction.  See Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Without jurisdiction the court cannot proceed at all in any case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citation omitted).

"A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges . . . ." N.E. Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001) (citing

Mortensen, 549 F.2d at 891; 5A Wright & Miller, Federal Practice & Procedure § 1350, at 212-18 (West 1990)).  Defendant's Motion to Dismiss presents a factual challenge.

In assessing a Rule 12(b)(1) motion that presents a factual challenge to a court's jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . .  [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Carpet Group Int'l, 227 F.3d at 69 (quoting Mortensen, 549 F.2d at 891).  In making this assessment, "the court [is] not confined to allegations in the plaintiff's complaint, but [may] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction."  Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

## IV.   DISCUSSION

### A.   Federal Tort Claims Act

It is well-settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The FTCA is a statutory waiver of sovereign immunity for tort claims.  See Gotha, 115 F.3d at 179.  However, as the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989).  Thus, where a plaintiff fails to comply with the presentment requirement or limitations periods in the statute, a district court lacks subject matter jurisdiction over the FTCA claim.  See Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003); Livera, 879 F.2d at 1194.

The FTCA requires as a prerequisite to a civil suit against the United States government that a claim be filed with the relevant federal agency. 28 U.S.C. § 2675(a).[2] With respect to the timing of the filing, the statute provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Thereafter, a party has "six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented" to file an action in district court. Id.; see also 32 C.F.R. § 912.9(a) (stating the specific filing procedures and deadlines for the USPS).

Pursuant to USPS regulations, a party whose initial claim is denied by the agency may either file suit in district court or file a written request for reconsideration with the postal official who issued the final denial. 32 C.F.R. § 912.9(b). The six-month limitations period applicable to filing suit in district court also applies to the filing of a written request for reconsideration. Id. If a party is dissatisfied with a postal official's ruling on a request for reconsideration, the party has six months from the date of the USPS decision to file suit in district court. Id. If USPS fails to respond to the request for reconsideration after six months, a claimant may deem the failure to reply to be a final denial of the claim, and may then, within six months, exercise the right to sue in federal court as provided in 28 U.S.C. § 2401(b). Id.

---

[2] 28 U.S.C. § 2675(a) provides in relevant part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . ."

The USPS regulations provide that "a request for reconsideration of a final denial of a claim *shall be deemed to have been filed when received in the office of the official who issued the final denial* or in the office of the Chief Counsel, National Tort Center, U.S. Postal Service, P.O. Box 66640, St. Louis, MO 63166-6640." 32 C.F.R. § 912.9(c) (emphasis added). This provision is consistent with the general requirement for presentment of an administrative claim set forth in 28 C.F.R. § 14.2, which states that "[f]or purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented *when a Federal agency receives from a claimant*, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident . . . ." 28 C.F.R. § 14.2(a) (emphasis added).

### B.  Plaintiff's Request for Reconsideration / Six-Month Limitations Period

Plaintiff filed an administrative tort claim with the USPS on September 19, 2006. After the USPS denied plaintiff's claim on November 8, 2006, plaintiff had six months to either file suit in district or request that the USPS reconsider its decision. 28 U.S.C. § 2401(b); 32 C.F.R. § 912.9(b)-(c). Plaintiff alleges that he selected the latter option and filed a written request for reconsideration by letter dated April 16, 2007. The question for this Court is whether plaintiff's alleged mailing of the request for reconsideration was sufficient to toll the FTCA statute of limitations in light of the affidavits submitted by defendant stating that the USPS never received the request.

With respect to this question, defendant argues that because the USPS never received plaintiff's request for reconsideration, plaintiff was required to file suit in district within six months of the agency's final denial of his claim on November 8, 2006. (Def.'s Mot. 7-8.) In opposition, "plaintiff contends that mailing the letter was sufficient to accomplish the tolling." (Pl.'s Resp. 2.) The Court agrees with defendant on this issue.

The Third Circuit recently held that the touchstone for presentment of an administrative claim is receipt of the claim by the agency. See Medina v. City of Philadelphia, 219 Fed. Appx. 169, 172 (3d Cir. 2007) ("In order to satisfy the presentment requirement, a plaintiff must demonstrate that the appropriate federal agency actually *received* the claim.") (emphasis in original).[3] The Medina court's decision is consistent with cases from this District and other jurisdictions. See, e.g., Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985) (Posner, J.) (stating that "mailing is not presenting; there must be receipt"); Bailey v. United States, 642 F.2d 344, 347 (9th Cir.1981) (holding that "[m]ailing alone is [in]sufficient to meet the requirement that a claim be 'presented.'"); Anderson v. United States, 744 F. Supp. 641, 643 (E.D. Pa. 1990) ("The mere mailing of an administrative claim will not satisfy the requisite presentment."); see also Arias v. United States, 2007 WL 608375, *4 (D.N.J. Feb. 23, 2007) (collecting cases).

Notwithstanding these courts' decisions, plaintiff argues that even if proof of receipt is required to establish the initial presentment of a claim to the agency, such proof is not required in the context of a request for reconsideration. (Pl.'s Resp. 2.) In support of this position, plaintiff cites Glover v. United States, 111 F. Supp. 190 (E.D.N.Y. 2000). In that case, the district court concluded that the principles demanding strict construction of a rule in favor sovereign immunity do not apply with the same force to reconsideration as they do to presentment. Id. at 194-95. While Glover supports plaintiff's position, the Court is not persuaded by its reasoning, as the decision is inconsistent with the plain language of the regulations in question and case law in this circuit.

---

[3] This unpublished opinion has no precedential value under § 5.7 of the Internal Operating Procedures of the Third Circuit, but the Court finds it instructive.

The USPS regulations establishing that agency's rules for the filing of tort claims use similar language in describing the requirements for presentment and reconsideration.  Compare 39 C.F.R. § 912.5(a) ("For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service *receives* from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident . . . .") (emphasis added), with 39 C.F.R. § 912.9(c) ("For purposes of this section, a request for reconsideration of a final denial of a claim shall be deemed to have been filed when *received* in the office of the official who issued the final denial or in the office of the Chief Counsel . . . .") (emphasis added).  As the Tenth Circuit has noted, "[n]owhere is there any indication that what constitutes presentment of a request for reconsideration is different from presentment of the claim itself."  Moya v. United States, 35 F.3d 501, 504 (10th Cir. 1994) (quoting Anderberg v. United States, 718 F.2d 976, 977 (10th Cir. 1983)).  Similarly, courts in this circuit have not distinguished between the presentment and reconsideration contexts when addressing the requirement that a plaintiff present proof of receipt.  See, e.g., Medina, 219 Fed. Appx. at 172 (citing cases involving presentment and requests for reconsideration in holding that proof of receipt is required for presentment); Dark v. United States, 1991 WL 147544, *3 (E.D. Pa. July 26, 1991) (Van Antwerpen, J.), aff'd, 961 F.2d 1566 (3d Cir. 1992) (citing cases involving presentment of claims in holding that proof of receipt is required in reconsideration context).

The Court rejects plaintiff's argument that "mailing the letter alone was sufficient to accomplish the tolling."  To the contrary, plaintiff is required to establish that the USPS received his request for reconsideration to benefit from tolling of the FTCA statute of limitations.

C.	**Plaintiff's Request for Reconsideration / Evidence of Receipt**

Having determined that, as a matter of law, plaintiff may only benefit from tolling of the FTCA statute of limitations if the USPS received his request for reconsideration, the Court now turns to the factual question of whether plaintiff's request was received. In addressing the type of proof required to establish receipt, the Medina court explained that "[i]n most cases, as in this one, an attorney's affidavit, standing alone, indicating that she mailed an administrative claim, is insufficient to prove presentment of such claim to the appropriate federal agency." 219 Fed. Appx. at 173. Continuing, that court held that in light of two affidavits from agency employees stating that the agency never received the claim, the plaintiff's submission of an unsigned letter and attorney affidavit was insufficient to establish proof of receipt. Id.

In Dark v. United States, the court noted that "[i]t is plaintiff Dark's burden to establish USPS's receipt of her request for reconsideration." 1991 WL 147544, at *3. Continuing, the Dark court held that even assuming counsel did mail the request for reconsideration, it could not find that USPS had received the request where plaintiff "simply did not send the . . . request via certified or registered mail or obtain a certificate of mailing . . . [and] did not even call or write USPS to verify receipt of the request . . . ." Id., at *3.

In this case, plaintiff sent his initial claim form to the agency via certified mail, but did not do so with his written request for reconsideration. Moreover, plaintiff did not confirm with the agency that it had received his request for reconsideration, despite months having passed with no response. Defendant has submitted affidavits from two USPS employees responsible for handling administrative tort claims explaining the agency's process for handling claim-related mail and stating that the agency never received plaintiff's request for reconsideration. On these

9

facts, the Court finds that the USPS did not receive plaintiff's request for reconsideration. Accordingly, the USPS decision of November 8, 2006 was the "final denial of the claim by the agency" for purposes of the six-month limitations period in 28 U.S.C. § 2401(b). Plaintiff filed the instant Complaint more than one year after the agency's final denial of his claim, and nearly seven months after the statutory deadline. Plaintiff's untimely filing deprives this Court of subject matter jurisdiction over this case.

## V.     CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss is granted and plaintiff's Complaint is dismissed with prejudice for lack of subject matter jurisdiction.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**